**Case No. 22-99009**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

KEVIN JAMES LISLE,

*Petitioner-Appellant,*

v.

WILLIAM GITTERE, Warden; AARON D. FORD
*Respondents - Appellees.*

---

On Appeal from the United States District Court
for the District of Nevada
No. 2:03-cv-01006-MMD-DJA

---

## RESPONDENTS – APPELLEES' SUPPLEMENTAL

## EXCERPTS OF RECORD

---

A A R O N  D.  F O R D
Attorney General
MICHAEL J. BONGARD
Senior Deputy Attorney Generalp
State of Nevada
Office of the Attorney General
1539 Avenue F, Suite 2
Ely, Nevada  89301
(775) 289-1630
mbongard@ag.nv.gov
*Attorneys for Respondents-Appellants*

| Document | File/Hearing date | ECF No. | Exhibit No. | EOR Page No. |
|---|---|---|---|---|
| | | | | |
| Response to Court's Order to Court's Order (ECF No. 474) | 08/05/2022 | 478 | | SEOR 003 – SEOR 010 |
| Response to Order to Show Cause ECF No. 474) | 07/06/2022 | 477 | | SEOR 011 – SEOR 024 |

SEOR 002

AARON D. FORD
  Attorney General
Michael J. Bongard (Bar. No. 7997)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1539 Avenue F, Suite 2
Ely, NV 89301
(775) 289-1632 (phone)
(775) 289-1653 (fax)
mbongard@ag.nv.gov

*Attorney for Respondents*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN JAMES LISLE,

     Petitioner,

vs.

WILLIAM REUBART, et al.,

     Respondents.

Case No. 2:03-cv-01006-MMD-DJA

**RESPONSE TO COURT'S ORDER TO COURT'S ORDER
(ECF NO. 474)**

**(DEATH PENALTY CASE)**

Respondents, through legal counsel, Aaron D. Ford, Attorney General of The State of Nevada, Michael J. Bongard, Senior Deputy Attorney General, and hereby submit their supplemental response to the Court's May 6, 2022 order (ECF No. 462). This response is based upon the attached points and authorities, and the pleadings and documents on file.

**RELEVANT PROCEDURAL HISTORY**

Defendant Kevin Lisle's (Lisle) Fourth Amended Petition for Writ of Habeas Corpus is currently before the Court for a decision on the merits. ECF Nos. 292 (Fourth Amended Petition), 318 (Answer), 329 (Reply), and 343 (Surreply).

On May 6, 2022, the Court entered an order directing Lisle to show cause why Claims 8A, 8C (in part), 16B, 16C, 16E, and 16F should not be denied as procedurally defaulted. ECF No. 474. Lisle filed his response to the Court's order. ECF No. 477.

Respondents now submit their response to the Court's order.

/ / /

SEOR 003

**ARGUMENT AND LAW**

I.      **RELEVANT LAW**

   **A.  Procedural Default**

The procedural default doctrine bars federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement "that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "[T]he application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism." *Id*. at 730.

Procedural default is excused if a petitioner can demonstrate cause for the default and prejudice. *Id*. at 750. Actual innocence may also excuse procedural default. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). A federal court is not required to raise procedural default *sua sponte*. *Trest v. Cain*, 522 U.S. 87, 89 (1997).

The Ninth Circuit recognizes that a district court can raise procedural default *sua sponte* "to further the interests of comity, federalism, and judicial efficiency. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). The panel found that a district court should provide petitioner notice of the default and an opportunity to respond to the argument for dismissal. *Id*.

   **B.  Technical Exhaustion Triggers Application of Procedural Default Rules**

   **1.)  Technical exhaustion**

When a petitioner failed to present a claim, "and the state court would dismiss the claim on that basis, the claim is 'procedurally defaulted.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (2022).

This Court found because Nevada Courts "apply substantially the same standards as do federal courts" when determining cause and prejudice or actual innocence to excuse procedural default, "then petitioner cannot establish that 'it is clear that the state court would hold the claim procedurally barred,'" if petitioner asserts in federal court that cause and prejudice or actual innocence excuses the procedural default. *Rodriguez v. Filson*, 3:15-cv-00339-MMD-WGC, 2017 WL 6762446, *4 (D. Nev. December 29, 2017) (*citing Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). The Court noted that the sole exception is asserting the equitable exception under *Martinez v. Ryan*, 566 U.S. 1 (2012), which Nevada state courts do not recognize. *Id*. at *5.

SEOR 004

Page **2** of **8**

### 2.) Procedural default versus technical exhaustion

The major difference between technical exhaustion, which triggers procedural default rules and procedural defaults imposed by a state court in Nevada is the fact that a respondent raises procedural default to a claim barred by the state courts on an independent and adequate grounds. Technical exhaustion (in Nevada), on the other hand, requires an admission by a petitioner that (1) he either possesses no state court remedies, or (2) that he could return to state court, but the state court would declare his claims procedurally defaulted. As the Court noted in *Rodriguez v. Filson*, since the Nevada procedural default rules contain similar exceptions (except *Martinez*), an inmate must concede that a return to state court would result in procedural default in order for a court to find technical exhaustion. 2017 WL 6762446 at *4.

## II.     LISLE'S STATEMENT OF EXHAUSTION

In the Fourth Amended Petition, Lisle represented to the Court that all claims, with the exception of Claims 12(D) and Twelve(E), "have been fairly presented to the Nevada Supreme Court for review." ECF No. 292 at 19. Lisle appears to argue cause for the failure to exhaust asserting: (1) ineffective assistance of trial, appellate, and state post-conviction counsel; (2) perceived failures of the state courts; (3) alleged physical and mental defects; and (4) abandonment by counsel. ECF No. 292 at 19.

Lisle concluded his statement of exhaustion by stating, "As to those claims that have not been presented to the state courts, Mr. Lisle believes they are technically exhausted because there is no state forum available to him in which to raise them." ECF No. 292 at 19. Lisle presented no concession that the claims would be found technically defaulted upon a return to state court. *Id*.

This Court's order granting in part Respondents' motion to dismiss found unexhausted claims technically exhausted and subject to procedural default. ECF No. 317 at 22.

## III.    WAIVER OR FAILURE TO INVOKE OF DEFAULT

### A. Lisle's Response to the Court's Order

In his response to the Court's show cause order, Lisle alleges that Respondents waived the ability to assert procedural default as to Claims 8(A) and 16(B). ECF No. 477 at 4, 11.

/ / /

/ / /

SEOR 005

Lisle presents no argument addressing the procedural default of Claims 8(C), 16(C), 16(E), and 16(F). Lisle also alleges Claim 16(G) is not procedurally defaulted. ECF No. 477 at 9-10. The Court's order to show cause never addressed or requested Lisle to show cause regarding Claim 16(G).

**B. The Court Can Dismiss Defaulted Claims Even if the Respondents Waived Default**

Circuit precedent holds that a habeas court "is not required to raise procedural default or failure to exhaust available state remedies *sua sponte* when the State has waived the defenses." *Boyd*, 147 F.3d at 1127 (citations omitted). Therefore, waiver of the defense without more, does not prohibit a court from raising and applying the issue *sua sponte*.

"Generally, a habeas court may, in its discretion, reach the merits of a habeas claim or may insist on exhaustion of state remedies despite a State's waiver of the defense. *Id*., *citing Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).

Lisle's response to the Court's order to show cause presents no authority that this Court cannot *sua sponte* raise procedural defenses—independent of Respondents invoking or waiving procedural default arguments. Respondents found no authority overruling or contradicting *Boyd*.

However, as discussed below, Respondents never waived all procedural defenses against Claims 8 and 16.

**C. Respondents Never Waived All Procedural Defenses Against Claim 8 or 16**

**1.) Claim 8**

Addressing Lisle's argument of waiver regarding Claims 8, Respondents have never waived Lisle's failure to exhaust Claim 8, with the exception of the claims presented in state court. ECF No. 293 at 17, 18. Respondents cited the state court documents that supported the argument. Lisle 1996 Opening Brief on direct appeal (ECF No. 186-23), raised the claim in the Nevada Supreme Court. That court refused to address the claim because Lisle's counsel failed to object, resulting in a claim presented in a procedurally defective manner. ECF No 187-4 at 26, 31. Lisle's second state habeas petition presented the claim in state district court, but not in the Nevada Supreme Court. ECF No. 190-2 at 71.

Additionally, Respondents argued in the motion to dismiss that state court procedurally defaulted parts of Claim 8. ECF No. 293 at 23.

/ / /

SEOR 006

**2.) Claim 16**

In the motion to dismiss, Respondents argued that Claim 16 was not defaulted "to the extent it mirrors the claims on direct appeal that the trial court erred when it denied severance of the co-defendants." ECF No. 293 at 24. The Court's order found that Lisle failed to present Claim 16(B) as a violation of the federal constitution. ECF No. 474 at 3-4. The Nevada Supreme Court's decision on Claim 16(B) either represents a denial on the merits (which receives AEDPA deference), or a technically exhausted and claim subject to procedural default.

Respondents also did not waive exhaustion of any claim presented in Lisle's petition. ECF No. 293 at 15.

**3.) This Court determined fair presentment did not occur**

After briefing of the motion to dismiss, this Court found "Lisle's unexhausted claims to be technically exhausted, but subject to the procedural default doctrine." ECF No. 317 at 22.

Exhaustion requires fair presentment to the state courts in a manner "afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (*citing Vazquez v. Hillery*, 474 U.S. 254, 257 (1986)), *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

If a district court finds that fair presentment never occurred, that court may determine whether the claim is exhausted by procedural default. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (finding improper presentment and remanding for determination of exhaustion if claim is now procedurally barred). The Court's order to show cause is giving Lisle an opportunity to address that determination.

This Court's order to show cause determined that Lisle failed to fairly present portions of Claims 8 and 16, affording Lisle the opportunity to address the issue. The Court's order on the motion to dismiss also placed Lisle on notice that claims were subject to procedural default. ECF NO. 317 at 22.

**D. Lisle Provides No Cause to Prevent Dismissal of Claims 8(C) (in part), 16(C), 16(E), and 16(F)**

Because Lisle provided no cause addressing Claims 8(C) (in part), 16(C), 16(E), and 16(F), Respondents request the Court dismiss the claims.

///

SEOR 007

### E. Claim 16(G)

Respondents disagree with Lisle's arguments. Only exhausted and non-defaulted claims are properly before the Court when reviewing for cumulative error. *See Wooten v. Kirkland*, 540 F.3d 1019, 1025-26 (9th Cir. 2008).

This Court found that review of Claim 16(G) is limited to only claims of ineffective assistance of trial counsel where *Martinez* provides cause to excuse the default. ECF No. 317 at 44-45.

### F. Dismissal Based Upon Technical Exhaustion (as Procedurally Defaulted) is Proper

Lisle appears to use ambiguity as both a sword and a shield. Lisle bears the burden of demonstrating exhaustion of each and every claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). The habeas rules require using a state form (LSR 3-1), or the habeas form appended to the rules, which requires a claim-by-claim statement of exhaustion. Rules Governing Habeas Corpus Cases Under Section 2254, Rule 2(d) (and appendix to the Rules which provides the form). Lisle's statement of exhaustion clearly never complied with either the letter or the spirit of the rules. ECF No. 292 at 19.

Lisle also failed to unambiguously invoke technical exhaustion per the Court's decision in *Rodriguez v. Filson*, 2017 WL 6762446 at *4. Lisle's statement of exhaustion alleges several potential grounds that could provide cause and prejudice to excuse procedural default—yet claims technical exhaustion without conceding that claims would be defaulted upon his return to state court. ECF No. 292 at 19. The Court placed Lisle on notice that his claims were subject to procedural default in the order on the motion to dismiss, finding anticipatory default.

Now despite his failure to demonstrate exhaustion on a claim-by-claim basis and his imperfect assertion of procedural default. Lisle argues a waiver of procedural default by Respondents because they never argued procedural default of claims when the basis for default is a failure to exhaust—a defense Respondents asserted.

Respondents can assert procedural default when the state court dismisses a claim based upon an independent state procedural rule. However, because this Court in *Rodriguez v. Filson* noted the similarity of Nevada and federal exceptions to procedural default rules (except for equitable exception *Martinez*), Lisle fails to explain how Respondents can invoke procedural default based upon a failure to exhaust when invocation requires Lisle to concede procedural default (with no basis to excuse default

SEOR 008

based upon a finding of cause and prejudice). Respondents never waived the exhaustion requirement, which must be expressly made. 28 U.S.C. §2254(b)(3); ECF No. 293 at 15. Lisle again received notice of the Court's finding of technical exhaustion (the basis of which is a failure to exhaust), which Lisle ambiguously asserted in his petition. ECF No. 317 at 22.

Even if the Court finds a waiver of asserting procedural default, Lisle provides no authority that contradicts *Boyd*, which holds that the Court can *sua sponte* raise default.

## CONCLUSION

In this case, Respondents never waived procedural defenses against Claims 8 and 16. Even if the Court found waiver, a federal court may *sua sponte* raise procedural default despite a waiver of the claim if the Court provides notice and an opportunity to be heard.

In this case, the Court provided Lisle with notice and an opportunity to be heard. Because Lisle's arguments against dismissal based upon procedural default are unavailing, Respondents request the Court dismiss Claims 8(A), 8(C) (in part), 16(B), 16(C), 16(E), and 16(F).

RESPECTFULLY SUBMITTED this 5th day of August, 2022.

AARON D. FORD
Attorney General


By: /s/ Michael J. Bongard
    Michael J. Bongard (Bar No. 007997)
    Senior Deputy Attorney General

SEOR 009

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General and that on this 5th day of August, 2022, I served a copy of the foregoing **RESPONSE TO COURT'S ORDER TO COURT'S ORDER (ECF NO. 474)**, by U.S. District Court CM/ECF electronic filing to:

David Anthony
Stacy M. Newman
Assistant Federal Public Defenders
411 E Bonneville Ave. Ste. 250
Las Vegas, Nevada 89101
David_anthony@fd.org
Stacy_newman@fd.org

/s/ Amanda White

SEOR 010

Rene L. Valladares
Federal Public Defender
Nevada Bar No. 11479
David Anthony
Assistant Federal Public Defender
Nevada Bar No. 007978
David_Anthony@fd.org
Stacy M. Newman
Assistant Federal Public Defender
Nevada Bar No. 14245
Stacy_Newman@fd.org
Randolph M. Fiedler
Assistant Federal Public Defender
Nevada Bar No. 12577
Randolph_Fiedler@fd.org
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
(702) 388-6577
(702) 388-5819 (fax)

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kevin James Lisle,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>William Reubart, *et al.*,<br><br>　　　　Respondents. | Case No. 2:03-cv-01006-MMD-DJA<br><br>**Response to Order to Show Cause (ECF No. 474)**<br><br>DEATH PENALTY CASE |

SEOR 011

# TABLE OF CONTENTS

I.   Introduction..................................................................................................... 1

II.  Argument......................................................................................................... 1

    A.   This Court is not barred from deciding the merits of Claim 16 regarding Lisle's joint trial with his co-defendant Jerry Lopez. ................................... 1

        1.   The State has waived the ability to assert procedural default as an affirmative defense as to Claim 16(B)........................................................2

        2.   Claim 16(B) was raised in part on direct appeal and in its entirety during the first state postconviction proceeding. ...................................... 3

        3.   Claim 16(G) is properly before this Court and the factual circumstances described in Claims 16(C), (E), and (F) are relevant to demonstrate prejudice from Lisle's joint trial with Lopez. ............................................ 7

    B.   Claim 8(A) is properly before this Court for a decision on the merits. ......... 8

        1.   The State has waived the ability to assert procedural default as an affirmative defense as to Claim 8(A).......................................................... 9

III. Conclusion ..................................................................................................... 12

SEOR 012

## I. Introduction

On May 6, 2022, this Court ordered Lisle to show cause why Claims 16(B), 16(C), 16(E), 16(F), 8(A), and 8(C) (in part) should not be denied as procedurally defaulted. ECF No. 474 at 5. Lisle submits the following brief in response.

As explained below, the parties did not previously brief this issue in detail because the State argued the pertinent claims were not procedurally defaulted. ECF Nos. 182 at 28, 33; 293 at 23, 24. Waiver of the procedural default defense is accordingly warranted with respect to Claims 16(B) and 8(A). However, even if this were not the case, Claims 16(B) and 8(A) were exhausted and not procedurally defaulted because Lisle raised them on direct appeal and in his first state postconviction proceeding. And as this Court previously acknowledged, the cumulative error claim "is not procedurally defaulted to the extent that other subparts of Claim 16 are not procedurally defaulted." ECF No. 474 at 5.

## II. Argument

### A. This Court is not barred from deciding the merits of Claim 16 regarding Lisle's joint trial with his co-defendant Jerry Lopez.

In Claim 16, Lisle argued his confrontation rights were violated due to his joint trial with co-defendant Jerry Lopez. This Court has acknowledged Claim 16(A) was raised on direct appeal and in the first state postconviction proceeding. ECF No. 474 at 3. As explained below, Claim 16(B) was also raised in part on direct appeal and in its entirety in the first state postconviction proceeding. Consistent with this position, the State argued in its procedural briefing that Claim 16(B) was not defaulted, which should operate as a waiver of the procedural default defense.

SEOR 013

1

Lisle also raised a claim of cumulative error as Claim 16(G), which, as this Court has acknowledged, must be considered along with each of the subparts of Claim 16 that are properly before this Court. ECF No. 474 at 5. And the entire state record is properly before this Court to determine whether the errors had a substantial and injurious effect on the verdicts.

### 1. The State has waived the ability to assert procedural default as an affirmative defense as to Claim 16(B).

The State has never taken the position that Claim 16(B) was procedurally defaulted in its serial motions to dismiss. In its first motion to dismiss, the State argued Claims 16(A), 16(B), and 16(C) were "exhausted and not procedurally barred insofar as it appears Lisle is not attempting to alter the claim in this Court by significant factual expansion." ECF No. 182 at 33. Similarly, in its second motion to dismiss, the State argued, "[t]he portions of Claim Sixteen raised in LISLE's direct appeal are parts (A), (B), and (D)." ECF No. 293 at 24. In its answer to the petition, the State disputed the exhaustion status of Claim 16(B) for the first time, in a footnote. ECF No. 318 at 60 n.7. But even then, the State represented, "based upon the Court's order addressing the motion to dismiss, the claim was presented to the Nevada Supreme Court and is subject to AEDPA deference." *Id*.

This Court should not revisit the procedural status of Claim 16(B) in light of the State's waiver of any potential procedural bar defense. Procedural default is an affirmative defense that must be raised by the State, or it is waived. *Chaker v. Crogan*, 428 F.3d 1215, 1220–21 (9th Cir. 2005) (declining to impose procedural bar *sua sponte* when "the state provides no explanation whatsoever for its failure to

SEOR 014

2

raise a procedural default argument in the district court, much less any extraordinary reason for reaching the procedural default defense despite the state's failure to raise the issue below"). Here, a finding of waiver is necessary as the State twice represented to the Court in its procedural briefing that Claim 16(B) was not procedurally defaulted. ECF Nos. 182 at 33; 293 at 24. And even after the State first disputed the procedural viability of the claim in its answer, the State never took appropriate action by seeking reconsideration with this Court. Instead, the State took the new position the claim should be subject to AEDPA deference, which is something that would only occur if the claim was reviewed on the merits by the state courts. A finding of waiver is appropriate in such circumstances.

> **2.  Claim 16(B) was raised in part on direct appeal and in its entirety during the first state postconviction proceeding.**

Lisle first raised the factual components of Claim 16(B), regarding the prosecutor's improper admission of the Logan murder, as part of his constitutional arguments for severance of the trial. Trial counsel made their confrontation clause objection during the hearing where Lopez's counsel and the prosecutor discussed admitting substantive evidence regarding the identity of the individual convicted of the Logan murder. ECF No. 185-4 at 16. They renewed their objection again when the trial court first proposed ordering Larry Prince to fabricate testimony to allegedly "cure" his, Melcher's, and Adams's testimonies that the man identified by the prosecutor and Lopez's counsel as having been convicted of the Logan murder was Lisle. ECF No. 197-2 at 5. *See* Claim 16(C).

SEOR 015

3

Then, on direct appeal, Lisle raised a claim of error regarding the trial court's failure to grant a mistrial when the prosecutor and Lopez's counsel elicited testimony showing that Lisle was the perpetrator of the Logan murder and Lopez was not. ECF No. 186-3 at 67–75. This part of Claim 16(B), concerning trial counsel's renewed motion for severance from Lopez due to his counsel's stated intent to prove as a substantive matter that Lopez was not the perpetrator of the Logan murder, was noted in Lisle's opening brief on direct appeal. *See* ECF No. 186-68.

While the legal discussion of the claim was mostly about the error in the admission of prior bad acts evidence under state law, direct appeal counsel also cited authority arguing Lisle's right to confront witnesses was violated as the result of the admission of evidence identifying him as the perpetrator of the Logan murder. Counsel argued in the opening brief, "There is no doubt the jury read the Defendant as being this unknown third person who had been involved in and convicted of another murder." ECF No. 186-3 at 75. The brief cited *Stevens v. State*, 634 P.2d 662 (Nev. 1981), ECF No. 186-3 at 75, a case applying the Supreme Court's decision in *Bruton v. United States*, 391 U.S. 123 (1968). *Stevens*, 634 P.2d at 444–45. Direct appeal counsel's reference to *Stevens* was sufficient to alert the Nevada Supreme Court that Lisle was raising a violation of the confrontation clause.[1]

---

[1] As noted by the High Court in *Baldwin v. Reese*, 541 U.S. 27 (2004), a petitioner federalizes a constitutional claim by citing "a case deciding such a claim on federal grounds." *Id*. at 32. The Nevada Supreme Court's decision in *Stevens* is a straightforward application of *Bruton* without any additional state law basis for the decision.

SEOR 016

4

*Stevens* was also cited by counsel in the corresponding section of the brief arguing Lisle's confrontation rights were violated under *Bruton* due to the admission of Lopez's hearsay statements through Melcher. *See* ECF No. 186-23 at 53–54.

In the first state postconviction proceeding, counsel re-raised the confrontation clause claim and also raised a federal due process claim based on prosecutorial misconduct in eliciting testimony concerning Lisle as the perpetrator of the Logan murder. The confrontation clause violation was raised as issue number II in the opening brief. ECF No. 188-2 at 47–59. Inside this issue, counsel also raised a federal claim of prosecutorial misconduct due to the prosecutor's elicitation of testimony showing Lisle was the person convicted of the Logan murder. ECF No. 188-2 at 48–52. The brief federalized the constitutional issue by citing to *Darden v. Wainwright*, 477 U.S. 168 (1986), ECF No. 188-2 at 51, the same Supreme Court authority the State acknowledges in its answer that clearly establishes the federal due process right. ECF No. 318 at 25, 32, 42, 49–50, 52, 55.

The Nevada Supreme Court did not procedurally default the prosecutorial misconduct portion of Lisle's claim. ECF No. 188-5 at 5–6. Instead, the court declined to reconsider it under the law of the case doctrine based on its previous rejection of the factually related claim on direct appeal. *Id.* This is not a procedural default barring federal review of Claim 16(B). These were the same circumstances before the Supreme Court in *Cone v. Bell*, 556 U.S. 449 (2009), wherein the petitioner raised a state law claim on direct appeal and later raised a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), during state postconviction proceedings. *Id.* at 457–61. Instead of expressly addressing the federal claim, the state court

SEOR 017

5

declined to address it again based on the law of the case doctrine. *Id*. According to the Supreme Court,

> When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted. To the contrary, it provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication.

*Id*. at 467 (emphasis in original). The Ninth Circuit has also previously recognized a habeas petitioner fairly presents a federal constitutional claim, and it is not procedurally defaulted, when the Nevada Supreme Court declines to reconsider an issue under the law of the case doctrine. *See Echavarria v. Filson*, 896 F.3d 1118, 1126–27, 1130 (9th Cir. 2018).[2] Applying that authority here, in conjunction with the presumption that there was an adjudication on the merits, *Johnson v. Williams*, 568 U.S. 289, 301–02 (2013), must result in the conclusion that Lisle's federal constitutional claims based on Claim 16(B) are not procedurally defaulted.

---

[2] As the trial court in *Echavarria*, this Court recognized the Nevada Supreme Court's law of the case ruling was an unreasonable application of federal law when the claim raised on direct appeal was different than the one raised in postconviction proceedings. *Echavarria v. Baker*, Case No. 3:98-cv-00202-MMD-CBC, Order at 15–16 (filed January 16, 2015), ECF No. 210 at 15–16. So too here: the Nevada Supreme Court's decision rejecting Lisle's state law claim on direct appeal was an unreasonable application of *Darden*.

SEOR 018

6

**3.** **Claim 16(G) is properly before this Court and the factual circumstances described in Claims 16(C), (E), and (F) are relevant to demonstrate prejudice from Lisle's joint trial with Lopez.**

As this Court previously noted, Claim 16(G), asserting cumulative error as a result of Lisle's joint trial and prosecutorial misconduct, is "not procedurally defaulted to the extent that other subparts of Claim 16 are not procedurally defaulted." ECF No. 474 at 5. This Court also noted Lisle's related claim of ineffective assistance of trial counsel for failing to make an appropriate record regarding the various errors recounted in each of the subparts of Claim 16 is properly before this Court under *Martinez v. Ryan*, 566 U.S. 1 (2012). ECF No. 474 at 5. And the claims of ineffective assistance of trial counsel raised in the first state postconviction proceeding regarding Lisle's joint trial with Lopez are also properly before this Court. *See* ECF No. 474 at 2 (acknowledging state court decision on IAC trial counsel claims). These claims must be considered together to properly assess the prejudice suffered by Lisle.

While Claims 16(C), (E), and (F) were not raised as independent claims on direct appeal or in the first state postconviction proceeding, the factual circumstances alleged in those subparts demonstrate prejudice as the result of Lisle's joint trial with Lopez and must be considered as part of the state court record. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1992) (federal courts must assess "the record as a whole" to properly determine the prejudicial effect of constitutional error). The trial court's order to the prosecutor to elicit false testimony from Larry Prince in an attempt to undo the prejudice suffered by Lisle

SEOR 019

7

demonstrates additional prejudice as a result of the joint trial. *See* Claim 16(C). Lopez's counsel's admission of alibi evidence to prove Lopez did not commit the Logan murder further demonstrates prejudice from the admission of the Logan murder. *See* Claim 16(E). The exclusion of mitigation evidence that was favorable to Lisle— but hearsay as to Lopez—deprived Lisle of his constitutional rights to an individualized sentencing determination as the result of the joint trial. *See* Claims 16(D) & (F). These circumstances vividly demonstrate the prejudice Lisle suffered as a result of his joint trial with Lopez and must be considered by this Court in applying *Brecht*.[3]

In summary, this Court is required to review the entire record to properly assess the prejudice suffered by Lisle due to his joint trial with Lopez to adjudicate Lisle's claim of cumulative error and his defaulted claim of ineffective assistance of trial counsel for failing to preserve separate claims of error as to each of the subparts of Claim 16. *See* Claim 16(G).

> **B.      Claim 8(A) is properly before this Court for a decision on the merits.**[4]

In Claim 8, Lisle argued the prosecutor committed misconduct in argument during the guilt and penalty phases of his trial. In addition to the subparts of Claim

---

[3] *Brown v. Davenport*, 142 S. Ct. 1510 (2022) does not apply to this Court's analysis under *Brecht* because the Nevada Supreme Court has never engaged in a cumulative harm analysis for *all* of the errors alleged in Claim 16.

[4] While the specific instances of prosecutorial misconduct noted in Claim 8(C) (identified by the Court in its order as potentially defaulted) were not raised on direct appeal or in the first state postconviction proceeding, this Court must review the entire record of the prosecutor's closing arguments to address the systemic

SEOR 020

8 that this Court has acknowledged are not procedurally defaulted, Lisle can also show that Claim 8(A) is not procedurally defaulted as it was raised on direct appeal and in the first state postconviction proceeding.[5] Consistent with that position, the State has previously argued Claim 8(A) was exhausted and not defaulted during those state proceedings. This Court should find based on this procedural history that the State has waived any procedural defense to the consideration of this claim.

### 1. The State has waived the ability to assert procedural default as an affirmative defense as to Claim 8(A).

The State has not taken the specific position that Claim 8(A) was procedurally defaulted in its serial motions to dismiss. In its first motion to dismiss, the State argued, "part A of this claim was fairly presented to the Nevada Supreme Court, at least insofar as it appears Lisle is not attempting to alter the claim in this Court by significant factual expansion." ECF No. 182 at 28. In the second motion to dismiss, the State argued Claim 8 was partially defaulted, based on the erroneous assumption that the law of the case doctrine constitutes a procedural bar to federal

---

nature of the misconduct committed by a veteran prosecutor who committed flagrant misconduct in argument in capital cases notwithstanding the imposition of discipline by the Nevada Supreme Court. *See Howard v. State*, 800 P.2d 175, 180 n.1 (Nev. 1990) (collecting a "non-exhaustive sampling of cases in which Mr. Seaton has participated [that] reveals a history of persistent disregard for established rules of professional conduct regarding improper argument before a jury"). Seaton's closing argument in Lisle's case occurred several years after his discipline arising from the *Howard* decision.

[5] This Court broke Claim 8(A) into four subparts. ECF No. 474 at 1–2. While Lisle believes that raising the systemic use of "we and us" arguments also properly raised the "I think" arguments, *see* ECF Nos. 186-23 at 80 (challenging "I think" arguments; 188-2 at 40 (challenging "I think" arguments by prosecutor), he did not specifically raise the other two subparts this Court identified as independent claims for relief.

SEOR 021

9

review, *but see* Section A(1), above, but it did not specify which sub-claims were defaulted: "Some of the claims of prosecutorial misconduct were defaulted by the Nevada Supreme Court based upon the law of the case. The remainder for being untimely and successive to the extent the claims were not raised on direct appeal." ECF No. 293 at 23. As above, a finding of waiver of the procedural default defense is warranted in such circumstances.

In its answer to the petition, the State argued "there is a rebuttable presumption the Nevada Supreme Court addressed this claim under plain error review." ECF No. 318 at 41. This is so, the State argued, because "'appellate review is generally precluded unless constitutional questions are raised." ECF No. 318 at 40 (citing *Williams v. State*, 945 P.2d 438, 444 (Nev. 1997) (citing *McCullough v. State*, 657 P.2d 1157, 1158 (1983)).

Lisle agrees with the State on this point with the caveat that *McCullough*, the decision cited by the State (and the Nevada Supreme Court on direct appeal, *see Lisle v. State*, 941 P.2d 459, 474 (guilt), 476 (penalty) (Nev. 1997))[6], does not refer to plain error at all, but states "when constitutional questions are raised on appeal, we have the power to address them." *McCullough*, 657 P.2d at 1158. This is consistent with the Nevada Supreme Court's pattern and practice of addressing claims of prosecutorial misconduct in capital cases even when there was not a contemporaneous objection at trial. *See, e.g.*, *Flanagan v. State*, 754 P.2d 836, 837

---

[6] The Nevada Supreme Court's discussion of Lisle's claims of prosecutorial misconduct cited *Witter v. State*, 921 P.2d 886, 897 (Nev. 1996), which is a case applying *Darden*. *See Lisle*, 941 P.2d at 476.

SEOR 022

(Nev. 1988) ("where life is at stake, we will consider the allegations of misconduct as if there had been compliance with the contemporaneous objection rule."). The Nevada Supreme Court also addresses claims of prosecutorial misconduct *sua sponte* on direct appeal as part of its mandatory review under NRS 177.055(2), even when the issue is not raised by direct appeal counsel. *See, e.g., Butler v. State*, 102 P.3d 71, 85–86 (Nev. 2004); *Hollaway v. State*, 6 P.3d 987, 994 (Nev. 2000). This is why the Ninth Circuit has recognized that the procedural default rules regarding the obligation to raise a contemporaneous objection at trial and failure to raise an issue on direct appeal, *see* Nev. Rev. Stat. § 34.810, will not bar federal habeas review in a capital case. *Valerio v. Crawford*, 306 F.3d 742, 776 (9th Cir. 2002) (en banc).

As noted above, the State also acknowledges Lisle re-raised his claims of prosecutorial misconduct in the first postconviction proceeding and they were rejected based on the law of the case doctrine. ECF No. 293 at 23.[7] However, while this Court stated the Nevada Supreme Court "declined to rule on the underlying prosecutorial misconduct claim," ECF No. 474 at 2, this does not mean the claim was procedurally defaulted. To the contrary, as explained in the preceding section, the Nevada Supreme Court imposed the law of the case doctrine, *see* ECF No. 188-5 at 3 n.7, which is not a procedural bar precluding federal habeas review of a claim.

---

[7] Postconviction counsel cited federal authority in support of Lisle's argument of prosecutorial misconduct. *See* ECF No. 188-2 at 37 (citing *Hinton v. United States*, 31 F.3d 817, 824 (9th Cir. 1994) (arguing "due process" violation)).

SEOR 023

*Cone*, 556 U.S. at 467. Claim 8(A) is therefore appropriately before this Court for a merits determination.

## III. Conclusion

For the foregoing reasons, this Court should find the State has waived any procedural default defense or, in the alternative, find Lisle's confrontation and due process claims are properly before the Court. This Court should accordingly grant Lisle's petition and vacate his conviction and death sentence.

Dated this 6th day of July, 2022.

Respectfully submitted,

Rene L. Valladares
Federal Public Defender

*/s/ David Anthony*
David Anthony
Assistant Federal Public Defender

*/s/ Stacy M. Newman*
Stacy M. Newman
Assistant Federal Public Defender

*/s/ Randolph M. Fiedler*
Randolph M. Fiedler
Assistant Federal Public Defender

SEOR 024

12